

HONORABLE BARBARA J. ROTHSTEIN

```
              FILED         ENTERED
          LODGED          RECEIVED
              JUN 10 2002          MR cc: TO JUDGE  MR
                 AT SEATTLE
           CLERK U.S. DISTRICT COURT
      BY WESTERN DISTRICT OF WASHINGTON
                                   DEPUTY
```

S DISTRICT COURT
CT OF WASHINGTON
EATTLE

CV 02-00380 #00000016

| | |
|---|---|
| YEMANE NEGASH | NO. C02-0380R |
| Plaintiff, | PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO JOIN TEAMSTERS LOCAL 174 AS A DEFENDANT |
| v | |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Yemane Negash submits this response memorandum opposing Defendant United Parcel Service's ("UPS") Federal Rule of Civil Procedure 19(a) motion to join Teamsters Local Union No. 174 ("Local 174"). Given that none of the relief sought by Plaintiff either affects the rest of the Local 174 bargaining unit or disturbs the terms of the Collective Bargaining Agreement (CBA), the Union is not a necessary party. Defendant UPS faces no likelihood of multiple or inconsistent obligations under FRCP 19(a). Since complete and just adjudication of this action is entirely possible without Local 174, Plaintiff urges the Court to deny this motion.

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO. C02-0380R) – 1
G:\General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion.doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

ORIGINAL

The concerns Defendant raises are illusory. Plaintiff is not challenging the terms of, and does not seek injunctive relief inconsistent with, the CBA. Such relief is not available as part of Plaintiff's case. The allegations related to utility work arise from UPS applying neutral contract terms in an unlawful manner. Invoking its adherence to the CBA as a defense does not create a basis to join Local 174. Likewise, a backpay award for utility work opportunities denied to Plaintiff on the basis of race/national origin discrimination neither affects the rights of other bargaining unit members, nor creates a "substantial risk of . . double, multiple, or otherwise inconsistent obligations" for the Defendant. FRCP 19(a). In fact Local 174 supports Mr. Negash's efforts to enforce his civil rights, Declaration of Ted Bunstine, ¶ 6. At best, UPS' motion is premature and can be renewed during the remedy stage, if necessary.

## II.    STATEMENT OF FACTS

### A.    Letter Of Understanding Is Tentative And May Never Take Effect

The Letter of Understanding,[1] which Defendant heavily relies upon, is not part of the current CBA and does not bind the parties. Bunstine Decl ¶ 2 & 3. It is a tentative agreement that has not yet been signed, nor reviewed by the Joint National Negotiating Committee. Id. ¶ 2 & 3.

The term of the current CBA expires on July 31, 2002. Bunstine Decl. ¶ 2. It does not contain the tentative agreement. The tentative agreement will become part of a larger contract package presented to the membership for ratification. The new CBA cannot take effect unless and until the membership ratifies it. Id.

If and when the union's membership ratifies a new CBA, the tentative agreement (Bryant, Decl. Ex. C) must still withstand scrutiny on the national level. Bunstine Decl.

---

[1] Declaration of James A Bryant, Exhibit C

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO. C02-0380R) - 2
G \General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

¶ 3. Article 2, Section 2 of the National Master United Parcel Service Agreement requires that locally or regionally negotiated language "must be submitted to the Joint National Negotiating Committee for review and approval." Bunstine Decl ¶ 3, Ex. A. Art. 2, Sec 2 also serves as a supremacy clause to insure that regional or local language does not reduce standards contained in the National Master agreement. Id. ¶ 4.

Art. 22, Sec 1(a) of the National Master agreement provides that "[n]o part time employee shall drive except.. when no full time employee or combination full-time employee is on the premises."[2] If ¶ H of the tentative agreement – which may restrict 22 3 employees from utility work – is found to conflict with the National Master agreement Art 22, Sec. 1(a), all or part of ¶ H could be "superceded by [Art 22, Sec 1(a)]" Accordingly, the Letter of Understanding, remains tentative and possibly unenforceable if found to conflict with the higher standards found in the National Master Agreement.

### B. Letter Of Understanding Attempts To Change Rights Of 22.3 Employees For Future Contract.

Local 174 views the current CBA as entitling 22.3 employees, like Mr Negash, to perform utility work. Bunstine Decl. ¶ 5. UPS pressed for the Letter of Understanding in order to curb the availability of utility work opportunities in the future for 22 3 employees like Mr Negash Id UPS' proposal to curb utility work for 22 3 employees reflects that such work is available to them under the CBA Declaration of Yemane Negash, ¶ 2

---

[2] Article 22 of the National Master agreement is attached as Exhibit A to the Defendant's Declaration of James Bryant

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 3
G \General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

### C. Carey Drake Decision Not Relevant

UPS also cites a recent grievance panel decision denying the grievance of UPS employee Carey Drake. UPS's Motion at 4, n. 1. This decision bears little relevance to Plaintiff's lawsuit. First, Mr Drake was not a 22 3 employee like Mr. Negash. Bunstine Decl. ¶ 8. Second, Mr Drake's situation involved a disability accommodation. Id Third, Local 174 has initiated an appeal of the Drake decision under the National Master Agreement. Id

### III. ARGUMENT

Joining Local 174 under FRCP 19(a) is entirely unwarranted in this case. Defendant asserts that the Union's interests are implicated because the contract addresses utility driving and that a future award of injunctive relief and/or backpay would affect other members. Additionally Defendant maintains that it will face inconsistent obligations in the Union's absence. None of these arguments withstand scrutiny

First, Mr Negash does not challenge the terms of the current CBA and none of the relief sought by Plaintiff involves a revision of the CBA  The Letter of Understanding offered by Defendant is merely a tentative agreement and conceivably may never become binding. Irrefutably, it does not affect the present CBA, regardless of whether it ever takes effect in the future. Second, there is no basis to assert that a routine award of backpay implicates bargaining unit members' interests, especially here where Local 174 supports Plaintiff in this litigation and does not seek to join  Plaintiff did not name the Union as a defendant and the Union faces no liability in this action. Mr. Negash can obtain complete relief without Local 174, and UPS remains free to invoke its

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 4
G:\General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion doc

LAW OFFICES OF
SCHWERIN  CAMPBELL  BARNARD  LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

adherence to the CBA as a defense to race/national origin discrimination claims, without joining Local 174.

Third, Defendant's assertion that it faces inconsistent obligations in the Union's absence is specious. The contract language pertaining to utility driving has been in place for several years yet there have been hardly any grievances. Few 22.3 employees even possess the proper Department of Transportation certification necessary to perform utility driving. Negash Decl., ¶ 3.

A. Allegations That Defendant Applied Lawful CBA Terms In A Discriminatory Manner Fails To Create A Basis For Joining Local 174.

Defendant misrepresents Plaintiff's suit by asserting that if the Court grants injunctive relief it would force UPS to violate the terms of the Teamster-UPS contract. Mr. Negash does not challenge, nor seek a Court order revising, the Teamster-UPS contract. Rather, with respect to utility work, Plaintiff claims that the employer applied neutral provisions of the CBA in an unlawful manner in violation of Mr. Negash's civil rights. This case theory simply does not implicate Local 174.

The Letter of Understanding tentatively agreed to by the Union and UPS does not change this result. As noted previously, this is only a tentative agreement, it may never take effect given the inherent uncertainties of the ratification process and the mandatory review by the Joint National Negotiating Committee. However, even if the Letter of Understanding takes effect in the future, it does not alter any of the terms under the current CBA.

Courts consistently refuse to join labor organizations where there are no allegations of discrimination against the union and the terms of the CBA face no

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO. C02-0380R) - 5
G:\General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion.doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

challenge *Karan v Nabisco*, 78 F.R.D 388, 17 Fair Empl. Prac. Cas. (BNA) 507 (W.D. Penn. 1978), *Taylor v Rhode Is Dept of Mental Health*, 726 F Supp. 895, 51 FEP 948 (D. R.I. 1989); *Phillips v Carborundum Co*, 361 F. Supp. 1016, 9 FEP 867 (W D N Y 1973).

In *Karan v Nabisco,* the court denied the employer's motion to join labor organizations representing members of a company wide sex discrimination class action. Some of the challenged employment practices affected the collective bargaining agreements and included "job transfers, promotion, job bidding, layoff and recall, salary and compensation, absenteeism and lateness policies, and certain other conditions of employment." 78 F.R.D. at 402. However, the court recognized a critical distinction: "the basis of these charges rests in Nabisco's <u>unequal application of neutral contract provisions</u> and does not implicate the unions as to liability. The relief, if any, would not compel revision of these contract terms, only their application to individuals as ordered by the Court." *Id* (emphasis added). While the union might have a "desire to assist in formulating a relief equitable to all their members and to aid in implementing any court order Their participation would not be necessary for effective relief...Nor would any union rights be jeopardized by their lack of participation. Thus, the unions are not indispensible to the challenge of these employment practices " *Id*

*Taylor, supra* produced a similar result. The court denied the State's Rule 19 motion to join the plaintiff's labor union, observing that

> [t]he present case does not involve a circumstance where plaintiff challenges the Union's practices.. or where she claims that the collective bargaining agreement discriminates against her. Plaintiff challenges only the alleged discriminatory actions of her supervisors as employees of the State.

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 6
G:\General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

726 F. Supp. at 897 (citations omitted)  The court in *Phillips, supra* also found complete relief could be obtained without joining the plaintiff's union despite the employer's assertion that the multi-plaintiff sex discrimination claims would affect CBA terms such as "job content, wage scales and job classification." 361 F Supp. at 1020    Here, Mr Negash challenges only alleged discriminatory acts of UPS involving "unequal application of neutral contract provisions," *Karan, supra* at 402, and does not seek to revise the CBA

Cases Defendant cites are distinguishable in so far as they involve challenges to collective bargaining agreements. In *Forsberg v Pac N W Bell Tel Co*, 622 F Supp. 1147, 54 FEP 1860 (D. Or  1985), the "plaintiff challenge[d] specific terms of the collective bargaining agreement and [the court found that] appropriate relief may require revision of those terms of employment " Significantly, the court actually declined to join the union as a defendant in *Forsberg*  Instead it ordered, "that the Union be realigned as a non-aligned party" joined solely for remedy purposes. *Accord Nichols v Frank,* 1990 WL 134539, 61 FEP 1514 (D. Or. 1990) (joining union as non-aligned party only for participating in settlement discussions and issues related to plaintiff's rights under the CBA)

Likewise, the court in *Hodgson v School Board*, 56 F.R.D. 393, 395, 9 FEP 779 (W D. Penn 1972) concluded that the "action endemically involves the potential for altering and restructuring the compensation provisions of the collective bargaining agreement between the defendant and the proposed defendants "

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO  C02-0380R) - 7
G:\General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion doc

LAW OFFICES OF
SCHWERIN  CAMPBELL  BARNARD  LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828



In *Nat'l Organization for Women, Inc v Minn Mining & Mfg, Co,(3M)* 73 F.R.D 467, 14 FEP 1052 (D Minn. 1977), a class of female employees asserted broad claims of sex discrimination, to wit:

> 3M ... engage[s] in sexually discriminatory employment practices with respect to the recruitment, hiring, training and testing, job assignments, compensation, promotion, terms and conditions of employment, and discharge and retention of its female employees

73 F R D. at 469. The class sought extensive and far reaching relief that would "enjoin defendant from continuing to engage in discriminatory employment practices, compel affirmative action to eliminate the results of past practices and award restitutionary back pay." *Id* The court stated that "although the complaint [did] not formally allege that the collective bargaining agreements contain unlawful provisions, at least some of the allegedly discriminatory practices of which plaintiffs complain may be embodied in provisions of the [contract] ." *Id* Moreover, the court noted that the labor agreements contained specific provisions "relating to job classification, wages, seniority, transfer policy and maternity leave." *Id* at n. 2. Given the magnitude and scope of this litigation and the plaintiff class' desire to overhaul major portions of the labor contracts, and obtain affirmative action as part of their remedy, joinder of the two unions in *3M* was appropriate.

The situation in *3M* bears little resemblance to Negash's suit. Nowhere does he allege that the labor agreement embodies systemic discriminatory practices, nor does he challenge the terms of the CBA Rather he claims that UPS has applied <u>neutral</u> contract language to him in a racially discriminatory fashion This distinction renders Local 174 unnecessary for Rule 19 purposes.

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 8
G \General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

## B. The Potential For A Backpay Award Does Not Implicate The Interests Of Local 174 Or Its Bargaining Unit Members.

Without evidence, Defendant asserts that a backpay award to Mr. Negash for unlawfully denied utility work would have a "substantial" effect on the Union and bargaining unit members. UPS's Motion at 9. This is sheer speculation and contradicts the only evidence in the record on this point. Local 174 supports Mr Negash in his effort to enforce his civil rights, Bunstine Decl. ¶ 6, and does not seek to join this suit. Additionally, Local 174 views the current CBA as entitling 22 3 employees to perform utility work ahead of part time employees Bunstine Decl, ¶ 5.

The court in *Phillips* explicitly rejected the argument that backpay to plaintiffs will affect the interests of other bargaining unit members, as a basis to join a union under FRCP 19(a).

> Perhaps an order of the court directing the payment of additional wages to certain women employees will be upsetting to some of the male workers and precipitate additional collective bargaining problems. Nevertheless, these reasons are not sufficient to require an order pursuant to Rule 19 adding the National Union and the Local Union as parties

Here, the prospect that a future order of this Court may include an award of backpay to Mr Negash, and that such an award may disturb other bargaining unit members is "not sufficient to require an order" joining Local 174.

## C. Because Defendant Faces Sole Liability For Unlawful Discrimination And The Union's Conduct Is Not At Issue, Local 174 Is Not A Necessary Party

Mr Negash named UPS as the sole defendant because it is the only party liable for the alleged discrimination. Local 174's conduct is not at issue in this case. Defendant's citation to *Vaca v Sipes*, 386 U.S. 171, 17 L Ed 2d 842, 64 LRRM 2369

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 9
G \General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828



(1967) is wholly out of context. *Vaca* does not involve Title VII or related civil rights claims. Rather it articulates a cause of action under federal law against a union that breaches its duty of fair representation. Mr. Negash brings no such claims, nor does he assert any claim under Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). Defendant's suggestion, UPS's Motion at 6, that union liability is a prerequisite for UPS's liability is baseless, and misleading.[3]

Defendant remains at liberty to invoke its adherence to the terms of the CBA as a defense to claims of unlawful race/national origin discrimination. This defense does not require Local 174's presence. The court in *Taylor*, *supra* reached this precise conclusion

> The [employer] can defend itself by asserting (as it does) that there was no discriminatory intent vis a vis plaintiff because it was merely following the seniority rules regarding promotions found in the collective bargaining agreement. Such a defense does not require the Union to be a party because no matter what the result (a finding for plaintiff or the [employer]), the collective bargaining agreement will not be invalidated.

726 F. Supp. at 897. Thus UPS's defense is not hampered by Local 174's absence.

### D. Court Ordered Relief Creates No Inconsistent Obligations For Defendant

Defendant speculates that any relief ordered by this Court will create an avalanche of grievances and subject UPS to litigation and inconsistent obligations. This argument rests on two flawed presumptions: First that Mr. Negash seeks to revise the terms of the CBA, and second, that the Letter of Understanding is currently in effect and binding. As discussed *supra* neither is the case.

---

[3] Nor does UPS have any common law right of contribution from the Union should Defendant face a damage award. *Northwest Airlines, Inc v Transport Workers Union of America*, 451 U S 77, 25 FEP 737 (1981) (employer found liable for violation of Title VII cannot force union to share the liability in an independent action for contribution)

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 10
G \General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion.doc

LAW OFFICES OF
SCHWERIN  CAMPBELL  BARNARD  LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119 3971
(206) 285-2828

UPS's concern of inconsistent obligations has no basis for additional reasons. The CBA language underlying Mr. Negash's claims has been in effect since at least 1997, yet there is no evidence that UPS has suffered a deluge of grievances from 22.3 employees regarding utility work. In fact few 22.3 employees even possess the requisite driving certification necessary to perform utility work. Negash Decl., ¶ 3. Additionally, the CBA requires employees to bring grievances within forty-five days. Bunstine Decl., ¶ 7. This ostensibly forecloses employees' ability to bring grievances in the future regarding violations under the present CBA.

## IV. CONCLUSION

This case presents no current or future likelihood of inconsistent obligations for Defendant. Mr. Negash does not seek to revise the terms of the CBA, nor does he have any claims against his Union. Complete relief is available to Mr. Negash without Local 174 being joined. Neither Local 174's nor its members' interests would be substantially implicated by an award to Plaintiff. And UPS is at liberty to raise adherence to the terms of the CBA as a defense without Local 174 being joined. For all of the foregoing reasons Plaintiff submits the Union is not a necessary party to this litigation and urges this Court to deny the instant motion.

Should the Court choose not to deny the motion, Plaintiff submits, in the alternative, that the Court deny the motion without prejudice to renew at the remedy stage. In the second alternative, should the Court decide to grant Defendant's motion,

//

//

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 11
G:\General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion.doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828


Plaintiff urges the Court to join Local 174 only as a non-aligned party and only for the limited purposes of facilitating an appropriate remedy  *See note 3, supra*

RESPECTFULLY submitted this 10th day of June 2002

*[signature]*

Robert H. Lavitt, WSBA #27758
SCHWERIN CAMPBELL BARNARD, LLP
18 West Mercer Street, Suite #400
Seattle, Washington 98119-3971
(206) 285-2828

*Attorneys for Plaintiff Yemane Negash*

NEGASH'S RESPONSE TO UPS MOTION
TO JOIN LOCAL 174 AS A DEFENDANT (NO C02-0380R) - 12
G:\General\Files\Client Files\7168\000\pleadings\rule 19\response to UPS rule 19 motion.doc

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June, 2002, I caused the original plus one copy of the Plaintiff's Response to Defendant's Motion to Join Teamsters Local 174 as a Defendant and the Declarations of Ted Bunstine and Yemanae Negash in Support of Plaintiff's Response to Defendant's Motion to Join Teamsters Local 174 as a defendant to be filed via Legal Messenger Service with:

    Clerk of the Court
    United States District Court
    Western District of Washington
    1010 5th Avenue
    Seattle, Washington 98104

and a copy to be served via Legal Messenger Service to:

    Valerie L. Hughes
    Sarah H. Villanueva
    Perkins Coie LLP
    1201 Third Avenue, Suite 4800
    Seattle, Washington 98101-3099

DATED this 10th day of June, 2002

_____
Robert H. Lavitt

CERTIFICATE OF SERVICE (C02-0380R)

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
SUITE 400
18 WEST MERCER STREET
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

